NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**DION J. CARTER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7022

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3285, Judge John J. Farley, III.

---

Decided: April 6, 2012

---

DION J. CARTER, of Highland, California, pro se.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

---

Before LINN, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Dion J. Carter ("Carter") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") finding that Carter did not qualify for a statutory exception to the standard period of eligibility for dependent's educational assistance ("DEA") benefits. *See Carter v. Shinseki*, No. 10-3285 (Vet. App. Oct. 21, 2011). Because Carter's appeal raises only factual issues beyond this court's authority to review, the appeal is dismissed.

Carter, the son of Henry J. Carter, a veteran with 100% disabling service-connected bilateral iritis, filed a claim for DEA benefits in 2002. That claim was denied when Carter failed to submit evidence that he was Henry J. Carter's son. In 2008, Carter submitted his birth certificate along with proof of enrollment for education that he received from 1999 to 2003. While the Department of Veterans Affairs ("VA") at first issued payments to Carter on this basis, it ultimately decided that the payments had been improperly made because Carter was over twenty-six years of age and no longer eligible. The VA nonetheless granted Carter's request to waive his repayment obligation.

On appeal to the Board, Carter argued that he had never received notice that the VA required proof of parentage, nor that his original claim had been denied. The Board determined that Carter was outside of the eligibility period for DEA benefits and that he did not qualify for an exception that would allow him to set the beginning date of his own eligibility period. Of particular importance to this appeal, the Board stated that Carter had admitted that he knew his original claim had been denied

and that he understood it was because he had not established his parentage.

Carter appealed to the Veterans Court, again arguing that he never received the VA's request for proof of his parentage and notice of denial and asking that the Veterans Court grant him his remaining benefits. Applying 38 U.S.C. § 3512(a) and related regulations, the Veterans Court affirmed the Board's determination that Carter was no longer eligible for DEA benefits and did not qualify for an exception that would allow him to set his own eligibility start date. The Veterans Court further explained that the issue of any remaining benefits had been referred to the Regional Office and was beyond the Veterans Court's jurisdiction.

On appeal to this court, Carter does not appear to contend that the Veterans Court or the Board erred in interpreting the statute and regulations governing the eligibility period for DEA benefits. Rather Carter argues that he never received notice that the VA would not grant his benefits because it had not received proof of his parentage, an issue which Carter frames as constitutional, and that this court should award him his "remaining benefits."

Whether Carter received such notice, however, and whether that factual dispute is sufficient to raise a constitutional issue which this court would have authority to review under 38 U.S.C. § 7292(d)(2) is irrelevant. The notice or absence thereof has nothing to do with the start date of Carter's eligibility period, which in this case is fixed at his 18th birthday by virtue of the fact that his father was granted service connection and receiving benefits before Carter turned 18. See 38 C.F.R. § 21.3041(a)(2). Moreover, to the extent that Carter contends that the alleged absence of notice affects the additional 28 months and 12 days of benefits Carter asserts he is entitled to receive, and that this court should

"overturn the Board decision not to grant . . . the remaining benefits," Appellant's Br. 2, those benefits were referred by the Board back to the Regional Office, were not decided by the Veterans Court, and are not before us.

Carter has raised no issue within this court's limited authority to review. Accordingly, the present appeal is dismissed.

## DISMISSED

### COSTS

Each party shall bear its own costs.